IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 24-cv-3020-REB-STV

HALEY BUTLER-MOORE,

    Plaintiff,

v.

TROOPER AMBER GARCIA, and
SERGEANT CARRIE JACKSON,

    Defendants.

## ORDER

**Blackburn, J.**

The matter before me is the **Motion To Quash Subpoena for Production of Documents to Colorado State Patrol** [#32],[1] filed September 29, 2025. I grant the motion.

This lawsuit arises out of the alleged actions of two Colorado State Patrol ("CSP") officers for alleged unlawful seizure in violation of both the Fourth Amendment and the Colorado state constitution. Defendants are sued in their individual capacities. (**Compl.** ¶¶ 5-6 at 2.) In connection with the suit, plaintiff served[2] a subpoena *duces*

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Plaintiff presented CSP with an unsigned copy of the subpoena on September 9, 2025, and the parties mutually agreed CSP would serve its objections and/or produce documents on or before September 29. (*See* **Motion** at 1 n.1.) Although the subpoena therefore was not served within the meaning of the federal rules, I perceive that an actual case or controversy exists between the parties as to the validity of the subpoena, and therefore consider the motion ripe for resolution.

1

*tecum* on CSP directly, seeking documents related to each defendant's employment. By this motion, CSP moves to quash the subpoena, claiming sovereign immunity. I agree, and thus grant the motion.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." **U.S. CONST.** amend. XI.[3] The amendment thus recognizes and respects a state's sovereignty by extending its immunity to any action brought against it in federal court. ***Steadfast Insurance Co. v. Agricultural Insurance Co.***, 507 F.3d 1250, 1252 (10th Cir. 2007).

The Eleventh Amendment also protects arms of the state, that is, "entities created by state governments that operate as alter egos or instrumentalities of the states." ***Sturdevant v. Paulsen***, 218 F.3d 1160, 1164 (10th Cir. 2000) (citation and internal quotation marks omitted). CSP maintains it is an arm of the state, a proposition which is supported by authority in this circuit, ***see Schmitz v. Colorado State Patrol***, 841 Fed. Appx. 45, 60 (10th Cir. 2020); ***Benton v. Town of South Fork***, 587 Fed. Appx. 447, 450 (10th Cir. 2014), and which plaintiff does not challenge in any event.

Nor does plaintiff contest the clear precedent in this state which holds that Eleventh Amendment immunity protects a state from other forms of legal process, and specifically, from answering subpoenas *duces tecum*. ***Bonnet v. Harvest (U.S.)***

---

[3] This bar has been extended further to prohibit courts from entertaining unconsented federal suits brought against states by their own citizens or citizens of another state. ***Edelman v. Jordan***, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); ***Schrier v. University of Colorado***, 427 F.3d 1253, 1268 (10th Cir. 2005).

2

***Holdings, Inc.***, 741 F.3d 1155, 1160 (10th Cir. 2014) (subpoena *duces tecum* served on Indian Tribe is a "suit" against the Tribe, triggering tribal sovereign immunity).  ***See also United States v. Murdock Machine & Engineering Co. of Utah***, 81 F.3d 922, 932 (10th Cir. 1996) (government immune from automatic stays under the Bankruptcy Act).

    Instead, plaintiff maintains the Colorado legislature waived CSP's immunity from suit by virtue of §13-21-131(2)(a), C.R.S., which vitiates the state's sovereign immunity for actions such as this one.[4]  ***See*** §13-21-131(1), C.R.S. ("A peace officer . . . who, under color of law, subjects or causes to be subjected . . . any other person to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights, . . is liable to the injured party for legal or equitable relief or any other appropriate relief.").  This waiver, however, applies only to suits brought against the state in the courts of Colorado.  "A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, and [t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*."  ***Port Authority Trans-Hudson Corp. v. Feeney***, 495 U.S. 299, 305-06, 110 S. Ct. 1868, 1872-73, 109 L. Ed. 2d 264 (1990) (citations and internal quotation marks omitted; emphasis in original).

---

[4] The parameters of Colorado's sovereign immunity generally are set forth in the Colorado Governmental Immunity Act, §24-10-106(1), C.R.S. ("A public entity is immune from liability in all claims for injury that lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section," except for those specified in subsequent subsections of the statute).

Plaintiff presents neither argument nor evidence suggesting Colorado has waived its sovereign immunity for suits of this nature brought against it in federal court. ***See Edelman v. Jordan***, 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974).  ***See also Griess v. State of Colorado***, 841 F.2d 1042, 1044 (10th Cir. 1988) (Colorado Governmental Immunity Act does not waive state's sovereign immunity to suit in federal courts).  Plaintiff's subpoena to CSP therefore must be quashed.

The parties argue as to whether this motion could have been avoided had plaintiff simply directed the subpoena to the CSP records custodian.  In ***Bonnet***, the Tenth Circuit noted that although it was not called on in that case to "decide whether a tribal official is also immune from an appropriate federal discovery request," it perceived "no reason why an Indian tribe should be able to shut off an appropriate judicial demand for discovery served on a tribal official, rather than against the Tribe itself."  ***Bonnet***, 741 F.3d at 1162.

By its initial motion, CSP claimed its position opposing enforcement of the subpoena would be the same if an individual CSP official were named as the respondent.  Although it purported to reserve the right to so argue (***see* Motion** at 2 n.1), its attempt to raise and argue the issue substantively in its reply brief is procedurally improper, ***Whispering Pines West Condominium Association, Inc. v. Great American Insurance Co. of New York***, 2022 WL 3584894 at *7 (D. Colo. Aug. 22, 2022).  Suffice to say the issue is not before me, and thus it would be improper to address it in the context of resolving the instant motion.  ***See Clapper v. Amnesty International, USA***, 568 U.S. 398, 4078, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264

4

(2013) ("[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Quash Subpoena for Production of Documents to Colorado State Patrol** [#32], filed September 29, 2025, is granted; and

2. That the subpoena *duces tecum* [#32-1] issued to the Colorado State Patrol is quashed.

Dated November 24, 2025, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge